**Clyde PANNELL, Petitioner,**

v.

**C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–35–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

June 5, 1968.

---

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Clyde Pannell, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on March 16, 1968.

Petitioner is currently being detained pursuant to a judgment of the Circuit Court of Scott County, Virginia, rendered on November 20, 1956, wherein he was convicted of rape and sentenced to twenty-five years in prison. However, at that time petitioner was also convicted of murder and sentenced to fifty years in prison, the sentence to begin in 1972. It is this latter sentence that pe-

titioner is attacking.[1] We note that the writ of habeas corpus is here available to petitioner to attack this sentence service of which is to commence in the future. Rowe v. Peyton, 383 F.2d 709 (4th Cir. 1967) (affirmed by United States Supreme Court on May 20, 1968, 3 Cr.Law Rptr. 3093.) Moreover in view of the Virginia rule that ·habeas corpus is not available to a petitioner until he commences service of the sentence attacked, Peyton v. Williams, 206 Va. 595, 145 S.E.2d 147 (1965), we find that he has exhausted his state remedies.[2]

Petitioner contends that he is entitled to habeas corpus relief on several grounds:

1. He claims that no court is "qualified" to decide two capital offense cases in less than one hour.

2. He claims that his plea of guilty was coerced.

3. He claims that he was denied his constitutional right because no evidence was presented to prove his guilt.

4. He claims that he was denied his constitutional rights because his court-appointed counsel and the Commonwealth's Attorney "negotiated" a fifty year sentence for his guilty plea.

Petitioner's initial contention is patently frivolous.

■ Petitioner's second claim is that his guilty plea was coerced. However, the evidence shows otherwise. According to the official court records when petitioner was first brought before the court he pleaded not guilty. However, upon petitioner's plea of not guilty his two court-appointed attorneys moved the court to suspend the proceedings so they could further confer with petitioner. The court granted the request and coun-

sel conferred with petitioner and the Commonwealth's Attorney. Petitioner then returned to court and changed his plea to guilty. The court's records show that petitioner's plea was freely and voluntarily entered. They state that after returning to the courtroom petitioner's attorney "further stated in the presence and hearing of the said defendant that the said defendant desired to withdraw his plea of 'not guilty' and in lieu thereof enter a plea of guilty to said indictment of murder in the first degree, which was accordingly done, and thereupon the said Clyde Pannell in open court in proper person tendered his plea of guilty of murder in the first degree to said indictment. * * * But before the court permitted the said defendant to withdraw his plea of not guilty heretofore entered in this case * * * his counsel stated that he had fully advised the defendant of the consequences of his withdrawing his plea of 'not guilty' and entering his said plea of guilty as aforesaid thereafter tendered in person in court, and the court also advised the said defendant of the effect and consequence of withdrawing said plea of 'not guilty' and entering a plea of 'guilty' * * * and the defendant stated that he was fully advised and understood the consequence of such course, and that it was his desire to withdraw his plea of not guilty and enter a plea of guilty of murder in the first degree * * * which was accordingly done. * * *" Further, on August 9, 1966, a state habeas corpus hearing was held concerning petitioner's conviction for rape and at that time one of petitioner's trial attorneys testified that petitioner freely and voluntarily entered his plea of guilty to the murder charge.

■ Petitioner's final contention is that it is unconstitutional for counsel to

---

1. This is petitioner's third federal habeas petition. However, the first two attacked his conviction for rape and were both denied. The Fourth Circuit Court of Appeal's decision affirming the denial of his first petition is found in Pannell v. Cunningham, 302 F.2d 633 (4th Cir. 1962). Its decision denying the second petition is found in an unreported opinion. Pannell v. Peyton, No. 9464.

2. This Virginia rule of prematurity has been abolished by a newly enacted statute which becomes effective on June 28, 1968. See Va.S.No. 44, 1968 Sess., amending Va.Code Ann. § 8–596.

"negotiate" with the Commonwealth's Attorney as to the plea and degree of punishment. However, such bargaining is common practice and is done with the accused's benefit in mind. We find no constitutional infirmity in this practice.

It is therefore adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.